COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss                            TRIAL COURT OF THE COMMONWEALTH
                                                    SUPERIOR COURT DEPARTMENT
                                                    CIVIL ACTION NO.

---

WAYNE ORKIN and ARTHUR ORKIN,        :

     Plaintiffs,                                         :

v.                                                  :

LISA SUE ALBERT and IAN ALBERT,       :

     Defendants.                               :

---

## **COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiffs Wayne Orkin and Arthur Orkin, through their attorney, for their complaint against the above-named defendants, alleges as follows:

## **INTRODUCTION**

1. By this Complaint, Plaintiff seeks damages and other relief from Defendants for: Defamation, Breach of Fiduciary Duty; Unjust Enrichment; Intentional Interference with Advantageous Business Relationship, and Breach of Contract. Plaintiffs also seek a Preliminary Injunction.

## **PARTIES**

2. Plaintiff Wayne Orkin ("Wayne") is an individual residing at 63 Harrington Farms Way, Shrewsbury, Worcester County, Massachusetts.

3. Plaintiff Arthur Orkin ("Arthur") is an individual residing at 63 Harrington Farms Way, Shrewsbury, Worcester County, Massachusetts.

1

4. Defendant Lisa Sue Albert ("Lisa") is an individual residing at 18101 Peregrines Perch Place, Unit 301, Lutz, Florida.

5. Defendant Ian Albert ("Ian") is an individual residing at 18101 Peregrines Perch Place, Unit 301, Lutz, Florida.

6. Wayne and Lisa are brother and sister; their father is Arthur Orkin, who lives with Wayne and who is 90 years old.

7. Ian is Lisa's son who lives with her, Wayne's nephew, and Arthur's grandson.

8. This Court has subject matter jurisdiction over these claims pursuant to G.L. c. 212 § 4.

9. This Court has personal jurisdiction over Lisa and Ian pursuant to G.L. c. 223A § 3.

## GENERAL ALLEGATONS

## WAYNE'S COMPANIES

10. OBANC is a Delaware Corporation specializing in e-commerce services and web optimization, doing business in Massachusetts, whose sole officers are Wayne, President and Co-Founder, and Ian, Chief Financial Officer.

11. Wayne founded OBANC in 2018.

12. IA Payments is a Delaware Corporation specializing in electronic payment processing, doing business in Massachusetts, whose sole officers are Wayne, President and Co-Founder, and Ian, Chief Financial Officer.

13. Wayne founded IA Payments in 2019.

14. Boost Web SEO ("Boost Web") is a Florida Limited Liability Company ("LLC"), specializing in search engine optimization, doing business in Massachusetts, whose sole officers are Wayne, President and Co-Founder, and Lisa, Chief Financial Officer.

15. Wayne founded Boost Web in 2010.

16. Wayne has an agreement with Lisa that they will both be officers of Boost Web and Wayne will manage the day-to-day business of the Company and Lisa will do the accounting for Boost Web (the "Boost Web Agreement").

17. As part of the Boost Web Agreement, Wayne manages the company and conducts business with clients, producing revenue for the company; and Lisa handles the accounting. For example, Wayne negotiates and enters into all contracts for Boost Web, conducts all marketing, hires and trains all employees, buys all technology, establishes all policies and procedures, and conducts the day-to-day operations. Lisa is to communicate with Wayne over any decision concerning Boost Web and no decision is to be made concerning Boost Web unless Wayne is in agreement with it.

18. As part of the Boost Web Agreement, Lisa is named on the Wells Fargo checking account used to conduct business for Boost Web ("Boost Web Wells Fargo Account"), but Wayne is an authorized signer on the account.

19. Wayne pays for client services, contract services, and other business expenses from the Boost Web Wells Fargo Account.

20. As part of the Boost Web Agreement, if Lisa were to retain a client for Boost Web, Wayne would help her to negotiate a contract with the client and would share revenue from that client with her. She has never retained a client for Boost Web. She is instead reimbursed for business expenses. For example, Wayne pays for her phone that she uses to conduct Boost Web business.

21. Wayne has an agreement with Ian that they will both be officers of OBANC and IA Payments and Wayne will manage the day-to-day business of OBANC and IA Payments and Ian will do the accounting for OBANC and IA Payments ("OBANC Agreement").

3

22. As part of the OBANC Agreement, Wayne manages OBANC and IA Payments and conducts business with clients, producing revenue for OBANC and IA Payments; and Ian handles the accounting. Ian is to communicate with Wayne over any decision concerning OBANC and IA Payments and no decision or action is to be made concerning OBANC and IA Payments unless Wayne is in agreement with it.

23. As part of the OBANC Agreement, Ian is reimbursed for business expenses and is provided with other compensation in the form of benefits. For example, the Companies, under Wayne's direction, pay for Ian's cell phone, car insurance and have paid for certain medical expenses.

24. As part of that agreement Ian is named on the Wells Fargo checking account used to conduct business for OBANC and IA Payments ("OBANC Wells Fargo Account").

25. Wayne directs Ian to pay for client services, contract services and other business expenses from the Wells Fargo OBANC and IA Payments accounts.

26. Since their founding, Wayne is listed as the President and Co-Founder of OBANC, IA Payments and Boost Web ("the Companies") on social media accounts, to include LinkedIn.

27. Since their founding, Wayne signs emails as the President and Co-Founder of the companies on emails to third party contractors, vendors and clients for which Lisa Albert and Ian have been copied.

28. Since their founding, Wayne has held himself out to third parties as the President and Co-Founder of the Companies with the knowledge of Lisa and Ian.

29. Since their founding, Wayne has conducted business on behalf of the Companies as the President and Co-Founder with the knowledge of Lisa and Ian.

30. Lisa and Ian have no contact with clients that generate any revenue for the Companies.

31. Wayne manages all client accounts, sales, marketing, and relationships and is responsible for all revenue coming into the Companies.

32. For example, Wayne has been working with a company called Card Connect since 2002.

33. Based on Wayne's relationship with Card Connect, Boost Web became a reseller of Card Connect.

34. Card Connect pays to Boost Web approximately $35,000 to $40,000, for services rendered, depositing $35,000 to $40,000 a month into the Wells Fargo Boost Web Account.

35. Wayne is the sole contact between Boost Web and Card Connect.

## CARE OF ARTHUR

36. Arthur is ninety years old and has several health issues.

37. In 2018, Wayne moved from Florida to Massachusetts to take care of Arthur.

38. Lisa remained in Florida but visits intermittently to aid Wayne in Arthur's care.

39. Wayne cooks and cleans for Arthur, manages Arthur's medications and doctors appointments, coordinates care for Arthur, manages Arthur's day-to-day activities, and buys groceries and other necessities for Arthur.

40. Wayne takes Arthur to his doctor's appointments and Wayne, sometimes with Lisa, discusses Arthur's care with Arthur's doctors with Arthur's consent.

41. Prior to February, Lisa returned from Massachusetts to Florida, leaving Arthur in the care of Wayne.

## ACTIONS AGAINST ARTHUR

42. In April of 2021, Arthur injured his shoulder. Lisa contacted Arthur's doctors and attempted to have him admitted to a nursing home and wear a cast on his arm against his will.

43. In Mid-April, Arthur discovered that Lisa and Ian had been using Arthur's JetBlue Credit Card without authorization since 2018.

44. Arthur also discovered that Lisa and Ian used Arthur's JetBlue points to purchase plane tickets for travel between Massachusetts and Florida, without Arthur's consent.

45. On information and belief, Lisa, without authorization, listened in on and recorded private conversations between Arthur and Wayne using Amazon-Alexa-like devices deposited throughout Arthur and Wayne's house.

## ACTIONS AGAINST WAYNE AND ARTHUR

46. Lisa sent a letter (the "Letter(s)") to at least one, if not more, of Arthur's medical providers stating that Arthur has "diminished cognitive faculty that varies, macular degeneration, several heart attacks, a cerebellar stroke, stenosis, and other serious medical conditions…he has an ostomy bag, which often leaks or ruptures and is known to wear and sleep in the same soiled and unclean clothes and bedding for multiple days."

47. The letter(s) accuse(s) Wayne of elder abuse and negligence regarding Arthur's care.

48. In late-April, early-May, Wayne and Arthur were visited by investigators, on information and belief, from the Massachusetts Department of Elder Affairs ("Investigators"), investigating whether or not Arthur was the subject of elder abuse.

49. The Investigators informed Arthur and Wayne that they were there due to an anonymous phone call.

50. The letter(s) state(s) that Lisa contacted several Massachusetts Departments concerning Arthur's care.

51. On information and belief, Lisa made the anonymous phone call to the Massachusetts Department that sent the investigators, alleging that Wayne was committing elder abuse against Arthur.

## ACTIONS AGAINST WAYNE

52. Lisa has stopped payment on checks written by Wayne and payments made by Wayne from the Boost Web Wells Fargo Account. For example, Wayne made payments to a Citi Bank Credit Card from the Boost Web Wells Fargo Account to reimburse himself for expenses. The payment was returned as unauthorized from the Boost Web Wells Fargo Account. As a result, for the next six months, all payments Wayne makes to the Citi Bank Credit Card will be subject to a twenty-one-day hold.

53. On information and belief, Lisa has removed Wayne as an authorized signer on the Boost Web Wells Fargo Account, and Wayne is no longer able to access the account or be reimbursed for business expenses from that account. At the time Wayne was removed from the Boost Web Wells Fargo Account, there was approximately $50,000 in the account.

54. Lisa and Ian claim that the Companies are their companies, and that Wayne has never been an officer or affiliate of any of the Companies.

55. On information and belief, Lisa and Ian have communicated to clients of the Companies, to include Card Connect, that Wayne is no longer associated with the Companies.

56. Lisa has communicated to Wayne that she will contact the Internal Revenue Service ("IRS") and make a false complaint concerning Wayne in order to get him into trouble with the IRS.

57. On information and belief, Lisa and Ian have taken for their personal use, funds held in the Companies accounts meant for the Companies and used to pay Wayne's business expenses.

58. Lisa and Ian have failed to include Wayne in the filing of the Companies taxes and have failed to provide him with information concerning the taxes, the tax documents themselves, and whether the taxes were filed.

## COUNT I
### Defamation
### (WAYNE v. LISA)

59. Wayne and Arthur repeat, reallege and incorporate by reference each and all of the allegations contained in the preceding paragraphs as if fully stated herein.

60. As described above, Lisa published a defamatory statement through the mail and over the phone concerning Wayne's treatment of Arthur to Arthur's medical providers and to a Massachusetts agency, stating that Wayne was committing elder abuse and/or negligence concerning Arthur.

61. Lisa knew that the statements were false or acted with a reckless disregard for the falsity of the statements.

62. The Letter(s) constitute(s) libel.

63. The statement alleges that Wayne committed a crime.

8

64. As a direct and proximate result of Lisa's unlawful conduct, Wayne has been damaged and Lisa is therefore liable to Wayne in an amount to be determined by the Court, together with costs and interest as allowed by law.

## COUNT II
### Defamation
### (WAYNE v. LISA and IAN)

65. Wayne and Arthur repeat, reallege and incorporate by reference each and all of the allegations contained in the preceding paragraphs as if fully stated herein.

66. As described above, Lisa and Ian published a defamatory statement to clients of the Companies stating that Wayne is not affiliated with the Companies and is not an officer of the Companies.

67. Lisa and Ian knew that the statements were false or acted with a reckless disregard for the falsity of the statements.

68. The actions of the defendants have caused Wayne damages.

69. The actions of the defendants have prejudiced Wayne's business.

70. As a direct and proximate result of Lisa and Ian's unlawful conduct, Wayne has been damaged and Lisa and Ian are therefore liable to Wayne in an amount to be determined by the Court, together with costs and interest as allowed by law.

## COUNT III
### Defamation
### (ARTHUR v. LISA)

71. Arthur and Wayne reallege and incorporate by reference paragraphs 1 through 51 above as if fully set forth herein, and in addition make the allegations set forth below.

9

72. As described above, Lisa published a defamatory statement through the mail and over the phone concerning Arthur's private information and health to third parties including a Massachusetts agency.

73. Lisa knew that the statements were false or acted with a reckless disregard for the falsity of the statements.

74. The Letter(s) constitute(s) libel.

75. As a direct and proximate result of Lisa's unlawful conduct, Arthur has been damaged and Lisa is therefore liable to Arthur in an amount to be determined by the Court, together with costs and interest as allowed by law.

## COUNT IV
### Breach of Fiduciary Duty
### (WAYNE v. LISA)

76. Wayne and Arthur repeat, reallege and incorporate by reference each and all of the allegations contained in the preceding paragraphs as if fully stated herein.

77. As noted, Wayne and Lisa are each officers and shareholders of Boost Web.

78. As such, each owe the other a fiduciary duty of utmost good faith and loyalty as regards, among other things, the operation and management of Boost Web.

79. Lisa, as described above, violated her fiduciary duty to Wayne by, among other things: diverting Boost Web assets for her own personal use and interests; taking steps to see that Wayne did not receive funds due to him, failing to notify Wayne and involve Wayne in the preparation and filing of taxes, stopping payment by Wayne from the Boost Web Wells Fargo Account; and making false claims to clients concerning Wayne's status with Boost Web.

10

80. As a direct and proximate result of Lisa's unlawful conduct, Wayne has been damaged and Lisa is therefore liable to Wayne in an amount to be determined by the Court, together with costs and interest as allowed by law.

## COUNT V
## Breach of Fiduciary Duty
### (WAYNE v. IAN)

81. Wayne and Arthur repeat, reallege and incorporate by reference each and all of the allegations contained in the preceding paragraphs as if fully stated herein.

82. As noted, Wayne and Ian are each officers and shareholders of IA Payments and OBANC.

83. As such, each owe the other a fiduciary duty of utmost good faith and loyalty as regards, among other things, the operation and management of IA Payments and OBANC.

84. Ian, as described above, violated his fiduciary duty to Wayne by, among other things: diverting IA Payments and OBANC assets for his own personal use and interests; taking steps to see that Wayne did not receive funds due to him, failing to notify Wayne and involve Wayne in the preparation and filing of taxes, stopping payment by Wayne from the IA Payments and OBANC Wells Fargo Account; and making false claims to clients concerning Wayne's status with IA Payments and OBANC.

85. As a direct and proximate result of Ian's unlawful conduct, Wayne has been damaged and Ian is therefore liable to Wayne in an amount to be determined by the Court, together with costs and interest as allowed by law.

## COUNT VI
## Breach of Contract
### (WAYNE v. LISA)

11

86. Wayne and Arthur repeat, reallege and incorporate by reference each and all of the allegations contained in the preceding paragraphs as if fully stated herein.

87. Wayne and Lisa had an agreement concerning the distribution of profits and the management and operations of Boost Web, including the handling of personal expenses, and that agreement constitutes a valid, binding, and enforceable contract to which Lisa and Wayne are parties.

88. Wayne has at all times complied with his obligations, if any, under that agreement.

89. Lisa has violated and continues to violate that agreement as described above.

90. As a direct and proximate result of Lisa's unlawful conduct, Wayne has been damaged, and Lisa is therefore liable to Wayne in an amount to be determined by the Court, together with costs and interest as allowed by law.

## COUNT VII
### Breach of Contract
### (WAYNE v. IAN)

91. Wayne and Arthur repeat, reallege and incorporate by reference each and all of the allegations contained in the preceding paragraphs as if fully stated herein.

92. Wayne and Ian had an agreement concerning the distribution of profits and the management and operations of IA Payments and OBANC, including the handling of personal expenses, and that agreement constitutes a valid, binding, and enforceable contract to which Ian and Wayne are parties.

93. Wayne has at all times complied with his obligations, if any, under that agreement.

94. Ian has violated and continues to violate that agreement as described above.

95. As a direct and proximate result of Ian's unlawful conduct, Wayne has been damaged, and Ian is therefore liable to Wayne in an amount to be determined by the Court, together with costs and interest as allowed by law.

## COUNT VIII
### Unjust Enrichment
### (WAYNE v. LISA and IAN)

96. Wayne and Arthur repeat, reallege and incorporate by reference each and all of the allegations contained in the preceding paragraphs as if fully stated herein.

97. Due to their actions, as described above, Lisa and Ian will be unjustly enriched through, among other things, the improper retention of funds owed to the Companies, profits owed to Wayne, and keeping Wayne from receiving revenue owed to him for expenses run through the Companies, as described above.

98. As a direct and proximate result of Lisa and Ian's unlawful conduct, Wayne has suffered and is continuing to suffer damages.

99. As a consequence thereof, Lisa and Ian are liable to Wayne in an amount to be determined by the Court, together with interest and costs to the extent permitted by law.

## COUNT IX
### (INJUNCTIVE RELIEF)

100. Wayne and Arthur repeat, reallege and incorporate by reference each and all of the allegations contained in the preceding paragraphs as if fully stated herein.

101. Wayne and Arthur have no proper remedy at law if Lisa continues to defame Wayne and Arthur and Lisa and Ian continue to prevent Wayne from having access to the Companies accounts, records, taxes, and communications with clients.

102. There is a likelihood that Wayne and Arthur will be successful on the merits of the case.

103. If the injunction is not granted, Wayne and Arthur will suffer irreparable harm.

## COUNT X
## INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP
## (WAYNE v. LISA)

104. Wayne and Arthur repeat, reallege and incorporate by reference each and all of the allegations contained in the preceding paragraphs as if fully stated herein.

105. Wayne had a business relationship for economic benefit with Wells Fargo Bank in that he was an Authorized Signer of the Boost Web Wells Fargo Account.

106. Lisa knew of the relationship.

107. Lisa interfered with the relationship by maliciously removing Wayne as an authorized signer.

108. Wayne lost his advantage as a direct result of the Lisa's conduct.

109. As a direct and proximate result of Lisa's unlawful conduct, Wayne has been damaged and Lisa is therefore liable to Wayne in an amount to be determined by the Court, together with costs and interest as allowed by law.

## COUNT XI
## INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP
## (WAYNE v. LISA)

110. Wayne and Arthur repeat, reallege and incorporate by reference each and all of the allegations contained in the preceding paragraphs as if fully stated herein.

111. Wayne had a business relationship for economic benefit with Card Connect.

112. Lisa knew of the relationship.

113. Lisa interfered with the relationship by stating to Card Connect that Wayne was not an officer of Boost Web.

114. Wayne lost his advantage as a direct result of the Lisa's conduct

14

115. As a direct and proximate result of Lisa's unlawful conduct, Wayne has been damaged and Lisa is therefore liable to Wayne in an amount to be determined by the Court, together with costs and interest as allowed by law.

## REQUESTED RELIEF

WHEREFORE, claimant Wayne and Arthur pray for relief as follows:

1. For a judgment to enter in their favor on Counts I, II, III, IV, VI, VII, VIII, X and XI against defendant Lisa, in an amount to be determined at trial, together with interest and costs.

2. For a judgment to enter in their favor on Count II, V, and VIII against defendant Ian, jointly and severally, in an amount to be determined at trial, together with interest and costs.

3. For a judgment to enter in their favor on Count IX against defendants Ian and Lisa, jointly and severally, and that they be required to:

    a. cease and desist from falsely stating to any of the Companies' clients, vendors and contractors that Wayne Orkin is not an officer or affiliated with the Companies;

    b. cease and desist from contacting any of Arthur Orkin's medical providers;

    c. release to Wayne Orkin all email, text and verbal (reduced to writing) communications that they have made to clients, contractors, employees, and vendors; for example, accountants, of the Companies;

    d. release to Wayne Orkin a copy of the taxes that they submitted to the Internal Revenue Service, to include any and all 1099's and tax returns that they filed on behalf of the Companies or that reference the Companies;

    e. release to Wayne Orkin any and all credit card statements for the Capital One Credit Card used for Boost Web SEO expenses, and any documents, to include checks, cancelled or cleared, that concern any of the Companies' accounts; and

    f. reinstate Wayne Orkin as an authorized signer on the Companies' accounts at Wells Fargo Bank. cease and desist all communication with medical providers, Massachusetts Departments and clients and vendors of the Companies, that they be further required to provide Wayne with access to the Companies' financials, taxes, accounts, and all communications between defendants and third parties concerning Wayne.

  4.  For such other and further relief as this Honorable Court may deem just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

**PLAINTIFFS WAYNE ORKIN AND ARTHUR ORKIN**

By their attorney,

*Jason Tauches*
Jason E. Tauches (BBO#569448)
jason@andrewcowanlaw.com
PiltserCowan Law LLC
25 Bay State Rd, 2nd Fl
Boston, MA 02215
Telephone: (617) 245-1976
Facsimile: (617) 245-1976

Dated: May 28, 2021

## VERIFICATION

I, Arthur Orkin, hereby verify that the foregoing recitation of facts, other than allegations made on information and belief, are true based on my personal knowledge and on documents that I have reviewed for purposes of preparing this Verified Complaint.

Signed under the penalty of perjury this 28th day of May 2021.

/s/Arthur Orkin
Arthur Orkin
signed w/approval

Jason Tauches (BBO#569448)

I, Wayne Orkin, hereby verify that the foregoing recitation of facts, other than allegations made on information and belief, are true based on my personal knowledge and on documents that I have reviewed for purposes of preparing this Verified Complaint.

Signed under the penalty of perjury this 28th day of May 2021.

/s/Wayne Orkin
Wayne Orkin
signed w/approval

Jason Tauches (BBO#569448)