UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
WAYNE ORKIN and ARTHUR ORKIN,       )
      Plaintiffs,                   )       CIVIL ACTION
                                    )       NO.  4:21-40060-TSH
             v.                     )
                                    )
LISA SUE ALBERT and IAN ALBERT,     )
      Defendants.                   )
                                    )
             and                    )
                                    )
BOOST WEB SEO, INC.,                )
      Intervenor-Plaintiff,         )
                                    )
             v.                     )
                                    )
WAYNE ORKIN,                        )
      Intervenor-Defendant.         )
_____ )
```

**ORDER AND MEMORANDUM ON PLAINTIFF'S SECOND MOTION FOR A TEMPORARY RESTRAINING ORDER (Docket No. 59)**

**May 17, 2022**

**HILLMAN, D.J.**

This is the plaintiff's third request for preliminary injunctive relief. Such relief is an extraordinary measure and never is awarded as of right. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The most important factor in determining whether such relief is warranted is the plaintiff's likelihood of success on the merits. *See Akebia Therapeutics, Inc. v. Azar*, 976 F.3d 86, 92 (1st Cir. 2020).

The plaintiff alleges in his complaint that defendant Lisa Albert interfered with his relationship with Boost Web SEO, Inc. ("Boost Web") by telling CardConnect, LLC

("CardConnect") that he is not an officer of Boost Web.  The Court denied the plaintiff's first motion for a temporary restraining order because the plaintiff had not produced sufficient evidence to establish that he is an officer of Boost Web, such that Albert's statement to CardConnect was improper.  In this motion, the plaintiff offers a new theory -- that Albert interfered with his relationship with CardConnect by causing CardConnect to breach an agreement CardConnect has with Pass Thru Merchant Services ("Pass Thru") and MKY FTS Sales, LLC ("MKY").  This theory of liability is not asserted in the complaint, and therefore, the plaintiff must amend his complaint to have any chance of success.

Even assuming the theory was properly asserted, the outcome turns in part, as the plaintiff acknowledges, on whether the plaintiff is entitled to the CardConnect residuals.  Some evidence suggests that he is.  He apparently does business as Pass Thru, which has several agreements with CardConnect concerning the direction of residual payments.  Other evidence, however, suggests that he is not.  The plaintiff's own complaint, as well as affidavits submitted by the plaintiff from former CardConnect employees, indicate that the plaintiff was doing business with CardConnect <u>on behalf of Boost Web</u>, such that Boost Web is entitled to the residuals.  Without a clearer view of the evidence, the Court cannot conclude that the plaintiff has a sufficient likelihood of success on the merits to warrant preliminary injunctive relief.  Accordingly, the Court ***<u>denies</u>*** the plaintiff's second motion for a temporary restraining order.

**SO ORDERED**

*<u>/s/ Timothy S. Hillman</u>*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
