UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WAYNE ORKIN<br><br>                 Plaintiff,<br><br>v.<br><br>LISA SUE ALBERT and IAN ALBERT<br><br>                 Defendants<br>and<br><br>BOOST WEB SEO, INC.<br><br>                 Intervenor-Plaintiff<br>v.<br><br>WAYNE ORKIN<br><br>                 Intervenor-Defendant. | CIVIL NO. 4:21-cv-40060-MRG<br><br>INTERVENOR DEFENDANT'S OPPOSITION TO INTERVENOR PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION |

Wayne Orkin opposes the Intervenor Plaintiff's Motion for a Permanent Injunction in this case. [ECF No. 250]. As stated in his Opposition to the Motion for a Temporary Restraining Order ("TRO Opposition"), and discussed below, the Anti-Injunction Act prevents the Court from issuing an injunction concerning a state court action, and no substantial justification exists, nor is one argued, for the Court to grant a permanent injunction. [ECF No. 237]; See 28 U.S.C. § 2283; Fernandez-Vargas v. Pfizer, 522 F.3d 55, 68 (1st Cir. 2008).

As stated in the TRO Opposition, this Court adjudicated a cause of action for the tort of Conversion between Intervenor Plaintiff Boost Web SEO, Inc. ("Boost Web") and Intervenor Defendant Wayne Orkin ("Mr. Orkin"). The issues this Court decided concerned Boost Web assets: whether Mr. Orkin owed damages to Boost Web and whether the residuals held by CardConnect were Boost Web assets. The cause of action in the Florida courts concerns an issue

1

that was not before this Court: the allocation of those assets between the founders of Boost Web based on ownership share, or as Ms. Lisa Albert stated in her testimony: the allocation of Boostweb profits and her compensation. [ECF No. 204 (Principal Case Principal Findings of Fact ("PFF") ¶ 13)]. Mr. Orkin and Boost Web's action in Florida seeks to resolve these unresolved issues through Florida's Declaratory Judgment Act. See Fl. R. Civ. P. 1.610. The Florida Action clearly and unequivocally is a separate cause of action to decide an issue that was not decided by this Court. Despite this, Counsel for Boost Web has filed a motion to enjoin the Florida Action, nominally on of Boost Web, because it fears litigation in Florida, and allegedly seeks to distribute its assets, but truly on behalf of Lisa Albert, who seeks indemnification from Boost Web, and himself, for legal fees due to him from Boost Web, Ms. Albert and Ian Albert. See Boost Web Motion for a Permanent Injunction ("PI")(Motion for PI"), and Declaration of Lisa Albert in Support of a Permanent Injunction (Albert Declaration).  [ECF No. 250 at 8, 9; ECF No. 251].

As such, Intervenor Defendant Wayne Orkin ("Orkin") respectfully submits this Opposition to Boost Web's Motion for PI. As set forth below, Boost Web is not entitled to injunctive relief because the Florida Action is not based on the same cause of action as was before this Court, and Florida Courts can resolve any preclusion issues by applying the doctrine of res judicata and collateral estoppel. Further, Boost Web fails to state any irreparable harm it would suffer that would provide the substantial justification necessary for this Court to enjoin the Florida Action. Thus, Boost Web's motion should be denied. The Motion is not on behalf of Boost Web, but clearly on behalf of Boost Web's creditors, who are not before this Court.

ARGUMENT

    A. <u>Boost Web has Provided No Authority that Authorizes the Court to Use its Equitable Power in this Case.</u>

Federal courts are authorized to protect and effectuate their judgments under the All-Writs

2

Act. See 28 U.S.C. § 1651. This equitable power is subject to the Anti-Injunction Act, which prohibits a federal court from "grant[ing] an injunction to stay proceedings in a State court except…*where necessary*…to protect or effectuate its judgments," an exception known as the "relitigation exception." 28 U.S.C. § 2283 (emphasis added); See Fernandez-Vargas v. Pfizer, 522 F.3d 55, 68 (1st Cir. 2008). Such intervention requires "substantial justification" by the Federal Court. See Fernandez-Vargas, 522 F.3d at 68.

Here, the relitigation exception does not apply and substantial justification does not exist to issue an order. As such, Boost Web's motion should be denied.

1. The Anti-Injunction Act Prevents the District Court from Issuing the Injunction

As Boost Web points out in their motion, the Anti-Injunction act allows a Federal Court in equity to enjoin a state court action where the same *cause of action* is filed in multiple courts. See Motion for TRO at p. 5 citing In re Ocean Ranger Sinking off Newfoundland, 617 F. Supp. 435, 437 (E.D. La. 1985). For example, in Fernandez-Vargas, the First Circuit upheld the District Court's injunction where the Plaintiff's "wrongful death cross-claim against Pfizer was *identical* to her wrongful death claim pending in commonwealth court" and the District Court had already determined that Pfizer had statutory immunity from suit for such a claim. See Fernandez-Vargas, 522 F.3d at 62 (emphasis added); see also In re Ocean Ranger Sinking, 617 F. Supp. at 436 (stating "This action, filed by the same plaintiffs and same attorneys who actually litigated before this Court, *is based on the same cause of action* presented in the federal forum." (emphasis added)).

Here, Boost Web filed a conversion action under the common law against Mr. Orkin in this Court. ECF No. 23. However, the Florida Action is an action by Mr. Orkin and Boost Web based on statutory law against Lisa Albert under the Florida Declaratory Judgment Act as to the

3

ownership structure of Boost Web and for injunctive relief to preserve the assets of Boost Web. See Motion for PI, Exhibit A at 7. As Boost Web notes. the Florida Action incorporates many of the factual findings of this Court. See Motion for PI, Exhibit A. However, Just because the two actions share the same history of the same corporation, this Court should not be deceived, as Boost Web asserts, that a cause of action to resolve the issue of Mr. Orkin's and Ms. Albert's "ownership of Boost Web" was ever resolved by this Court. See Motion for PI at 5. This Court did not state whether Mr. Orkin or Ms. Albert is an owner of Boost Web.[1] This Court never used the word "owner" to describe Ms. Albert, and in fact, made a finding that Ms. Albert conceded that a discussion as to compensation and "allocation of profits," such as would be due to an owner, never occurred.  Id. at PFF ¶ 9. However, Mr. Orkin and Boost Web believe that some of the findings of fact of this Court will be helpful to resolve the Florida Action, such as the finding that "Mr. Orkin has no claim of ownership of Boost Web *on paper*," and that there were no shareholders of Boost Web, to include Ms. Albert. See ECF. No. 204 at p. 30 ¶ 27 (emphasis added); ECF. No. 204 at PFF ¶ 9.

      While the Court used these findings of fact to determine the narrow issue of whether Mr. Orkin had the authority as an officer of Boost Web to redirect the residuals, these facts will aid Florida Courts in determining who *owns* Boost Web. See ECF No. 204 at pp. 31,32 ¶ 31; cf. Hyman v. Daoud, 194 So. 3d 392 (Fla. Dist. Ct. App. 2016). For example, under the Florida Declaratory Judgment Act, Florida Courts have found that a person can own a percentage of a corporation without being a shareholder or being named on the articles of incorporation, that is, if they have no claim to ownership "on paper." Id. In fact, the Florida Declaratory Judgment act allows a Florida Court to make a declaratory judgment concerning the ownership of a corporation where, as here, no shares have been issued. Id.

---

[1] The Court itself asked Mr. Orkin if he had ever thought to exercise the powers of a corporate owner by disbanding the corporation. See Trial Day 5 at p. 175 ¶¶ 1-3.

In Hyman, the Florida Court of Appeals held that the trial court had authority under the Declaratory Judgment Act to declare whether a person who was not named in the corporate registration documents, but who had contributed operating capital to a corporation, was an owner of the corporation. Id. Much like in this case, Hyman involved close family members, a daughter and her father, petitioning the court to determine whether the father, who was not named in the registration documents for the corporation, but had contributed operating capital and managed the corporation's day to day activities, had an ownership interest in the corporation. Id. The trial court found that even though no shares were issued to the father, the father and daughter each owned fifty percent of corporation. See F.S.A. § 86.011; Hyman v. Daoud, 194 So. 3d 392 (Fla. Dist. Ct. App. 2016).

Here, Ms. Albert and Mr. Orkin have testified to much of the history of Boost Web and its operations. Much like the father in Hyman, Mr. Orkin has "no claim of ownership of Boost Web *on paper*," but has contributed all of the operating capital and managed the day-to-day operations of Boost Web. ECF No. 204 (Intervenor Case Intervenor Findings of Fact ("IFF") ¶¶ 7-16, p. 30 ¶ 27. Here, much like the daughter in Hyman, Ms. Albert is named on Florida's official documents, but she generated no income for Boost Web. Id. at PFF ¶ 6; IFF ¶ 10. As is shown by the Complaint in the Florida action, Mr. Orkin feels that many of the Court's factual findings will be helpful to the Florida Court in deciding the rights of the parties in that case to the assets that this Court determined belong to Boost Web, as well as Boost Web's liabilities. See Motion for PI at Exhibit A.

Clearly this case is unlike Fernandez-Vargas and In re Ocean Ranger Sinking, in that, here, the two jurisdictions are adjudicating different causes of action between different parties represented by different attorneys.[2] See Motion for PI, Exhibit A; ECF. No. 23; cf. Fernandez-

---

[2] Richard J. Caldwell, esq. and Luis F. Navarro, esq. represent Mr. Orkin in the Florida Case.

Vargas, 522 F.3d at 68; SMA Life Assurance Co., 960 F.2d at 277. As such, the Florida Action and the action in this Court concern two different causes of action, and no substantial justification exists to enjoin the Florida Courts from resolving the cause of action before it.

Thus, the relitigation exception to the Anti-Injunction Act does not apply and Boost Web's Motion must be dismissed.

2. Substantial Justification Does Not Exist to Issue an Injunction

This Court does not need to issue an injunction to effectuate its judgments. 28 U.S.C. § 2283; See Fernandez-Vargas v. Pfizer, 522 F.3d 55, 68 (1st Cir. 2008). As stated above, a federal court can only grant an injunction when it is necessary to protect or effectuate its judgments. Id. This equitable power is subject to the Anti-Injunction Act, which prohibits a federal court from "grant[ing] an injunction to stay proceedings in a State court except…*where necessary*…to protect or effectuate its judgments," 28 U.S.C. § 2283; See Fernandez-Vargas v. Pfizer, 522 F.3d 55, 68 (1st Cir. 2008); BGW Assocs., Inc. v. Valley Broad. Co., 532 F. Supp. 1115, 1116 (S.D.N.Y. 1982). "This prerequisite is strict and narrow, requiring an assessment of the precise state of the record and what the earlier federal order actually said; it does not permit a post hoc judgment as to what the order was intended to say." Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 140, 108 S. Ct. 1684, 1686, 100 L. Ed. 2d 127 (1988) citing Atlantic Coast Line R. Co. v. Locomotive Engineers, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234. P. 1690. Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 140, 108 S. Ct. 1684, 1686, 100 L. Ed. 2d 127 (1988).

The cases cited by Boost Web in which an injunction issued, dealt with cases in which a favorable determination from a state court action would prevent the party from executing on a judgment in the Federal Action.  For example, in BGW Assocs., Inc., the state court issued a temporary restraining order that barred a party from complying with the Federal Court's

judgment. See BGW Assocs., Inc., 532 F. Supp. at 1116.

Here, the final judgment of the Court stated that Mr. Orkin owes damages to Boost Web for conversion, that the funds held by CardConnect belong to Boost Web, and that CardConnect should deposit the funds as Boost Web directs. See ECF Nos. 222;[3] 226.[4] Here, the Florida Case does not interfere with any of the Court's judgments. Id. If Mr. Orkin is found to be part owner of Boost Web, he would still owe Boost Web the damages for conversion, the funds held by CardConnect would still belong to Boost Web, and CardConnect would still be required to deposit the funds as Boost Web directs. Id. What Boost Web fears is not that this Court's Order will not be fulfilled, but that the Florida Action will prevent Boost Web's assets from being distributed to Lisa Albert and legal counsel. However, the Court never issued an order for damages for Lisa Albert, never ordered that she should be indemnified by Boost Web, nor did the Court direct the payment of Boost Web funds to any creditor. See ECF Nos. 222, 226.

As such, no injunction is necessary to effectuate the order and judgment of the Court, and Boost Web's Motion must be dismissed.

> i. An Injunction is Not Necessary Where A State Court Can Apply Principles of Preclusion.

The Florida courts are more than able to apply principles of res judicata and collateral estoppel to the Florida Action to ensure the substantial rights of the parties. See SMA Life Assurance Co. v. Sanchez–Pica, 960 F.2d 274, 276 (1st Cir.1992)(emphasis added)); Topps v. State, 865 So. 2d 1253, 1254–55 (Fla. 2004); Florida Dep't of Transp. v. Juliano, 801 So.2d 101,

---

[3] Judgment in favor of Intervenor Plaintiff, Boost Web on Count 1 of Intervenor complaint in the amount of $638,769.51, and against Intervenor Defendant Wayne Orkin. The Court awards Boost Web prejudgment interest in the amount of $169,691.87 to be added to the judgment amount in this case and postjudgment interest at a per diem rate of $114.74; and The Court declares that the funds being held by CardConnect representing residuals from merchant accounts payable to Boost Web since August 2021 belong to Boost Web, including the currently-held amount of $994,162.25 and all future residuals.

[4] It is the Court's Order that CardConnect should immediately transfer the residuals it is holding to Boost Web in the manner directed by Boost Web. Additionally, the Court declines to discharge CardConnect "from any and all further liability" relating to the residuals.

107 (Fla.2001); Denson v. State, 775 So.2d 288, 290 n. 3 (Fla.2000). McGregor v. Provident Trust Co. of Philadelphia, 119 Fla. 718, 162 So. 323, 328 (1935); Palm AFC Holdings, Inc. v. Palm Beach County, 807 So.2d 703, 704 (Fla. 4th DCA 2002); Clean Water, Inc. v. State Dep't of Envtl. Reg., 402 So.2d 456, 458 (Fla. 1st DCA 1981) (citing Gordon v. Gordon, 59 So.2d 40, 44 (Fla.1952); Kent v. Sutker, 40 So.2d 145, 147 (Fla.1949). "A federal court should not lightly undertake the task of deciding whether to enjoin state court proceedings. That injunctive relief *may* issue does not mean it **must** issue." Id. (emphasis added)). Substantial justification is required to issue an injunction due to concerns of comity and federalism: "when a federal court enjoins state proceedings, at whatever level, it disrupts the delicate balance of power between the state and federal systems." See Fernandez-Vargas v. Pfizer, 522 F.3d 55, 68 (1st Cir. 2008) citing SMA Life Assurance Co., 960 F.2d at 277. As SMA Life Assurance Co. states, a case cited by Boost Web, no injunction is necessary where the other forum is "well qualified to protect [the moving party]… by properly applying the doctrines of res judicata and collateral estoppel…" See SMA Life Assurance Co., 960 F.2d at 277. As such, "…a federal court **must** ask whether requiring the moving party to raise a preclusion defense in state court would be the wiser course." Fernandez-Vargas, 522 F.3d at 68 (emphasis added).

For example, in Fernandez-Vargas, the First Circuit upheld the District Court's injunction where the Plaintiff's "wrongful death cross-claim against Pfizer was *identical* to her wrongful death claim pending in commonwealth court" and the District Court had already determined that Pfizer had statutory immunity *from suit* for such a claim.  See Fernandez-Vargas, 522 F.3d at 62 (emphasis added). The First Circuit determined that "substantial justification" existed because even if the commonwealth court applied the doctrines of res judicata and collateral estoppel, the harm the statutory immunity framework was trying to prevent would occur: being hailed into another jurisdiction for a cause of action the Federal Courts had determined did not

8

exist.  Id. at 62.

Here, unlike in Fernandez-Vargas, there is no such issue of immunity from suit.  Lisa Albert will be hailed into Court in the Florida Action to determine an issue she states was never resolved between herself and Mr. Orkin: her ownership of Boost Web and the "allocation of Boost Web profits." See ECF No. 204 PFF ¶ 13. There is no claim that the Florida Courts will not be able to apply preclusion principles to that case and ensure the substantial rights of the parties. Florida courts have an ample history of applying preclusion principles. See Topps, 865 So. 2d at 1254–55; Florida Dep't of Transp., 801 So.2d at 107; Denson, 775 So.2d at 290 n. 3; McGregor, 119 Fla. 718, 162 So. at 328; Palm AFC Holdings, Inc., 807 So.2d at 704; Clean Water, Inc., 402 So.2d at 458 (citing Gordon, 59 So.2d at 44; Kent, 40 So.2d at 147. In fact, Mr. Orkin has no issue with this Court ordering Ms. Albert to raise the defense of res judicata and collateral estoppel in the Florida Action.  See Affidavit of Wayne Orkin. They are free to argue "claim splitting," a res judicata issue, as is alleged in the District Court's Order. See ECF No. 242 at 10; Salvati v. Fireman's Fund Ins.Co., 368 F. Supp. 3d 85, 91-92 (D. Mass. 2019) (analyzing claim splitting doctrine as an issue of res judicata).

Thus, Boost Web's motion should be denied.

      ii. <u>Boost Web Has Failed to Prove it will experience Irreparable Harm if an Injunction is Not Issued.</u>

Boost Web has failed in its burden to prove that it will suffer irreparable harm. See Gately v. Commonwealth of Mass., 2 F.3d 1221, 1232 (1st Cir. 1993)(finding that "a federal court cannot dispense with the irreparable harm requirement in affording injunctive relief"); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506–07, 79 S.Ct. 948, 954 (1959) ("[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies"); Fernandez-Vargas, 522 F.3d at 62. The burden of demonstrating that a denial of relief requested will cause irreparable harm rests squarely upon the movant. See Charlesbank

Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151 (1st Cir. 2004).  It is well settled that irreparable harm consists of "a substantial injury that is not accurately measurable or adequately compensable by money damages." Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 217 F.3d 8, 13 (1st Cir. 2000) (quoting Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 19 (1st Cir. 1996) ("Ross-Simons I")); see also K-Mart Corp. v. Oriental Plaza, Inc., 875 F.2d 907, 915 (1st Cir. 1989) (a necessary element of irreparable harm is the inadequacy of traditional legal remedies). Specifically, Federal Courts lack authority to grant preliminary equitable assistance in the collection of legal debts. See Matrix Partners VIII, LLP v. Natural Resource Recovery, Inc., 2009 WL 175132, at *4, (E.D.Tex.2009) (citing Grupo Mexicano, 527 U.S. at 325 [119 S.Ct. 1961]). ).

Here, Boost Web states that if the Court fails to grant equitable relief in this case *it* will be irreparably harmed because it will not be able to pay Lisa Albert or *legal counsel*. Motion for PI. Boost Web does not point to any evidence in the record or by affidavit that it has an unpaid debt obligation. Id. Boost Web does not even state *how* it will be irreparably harmed by a failure to pay its creditors. Id. Nor does Boost Web provide precedent to show that such harm would not be compensable through money damages or that a Court in the First Circuit has issued an injunction after finding a party will suffer irreparable harm if it is unable to pay creditors who are not an opposing party to the action.[5] Id. As such, Boost Web has failed to show that it will suffer any harm, irreparable or otherwise, if the Court does not grant injunctive relief.

Thus, the Court should deny Boost Web's motion.

    3. If the Court Issues the Injunction, Mr. Orkin Will Not Be Able To Effectuate

---

[5] It is easy to see how a judgment creditor, as a party to an action, could suffer economic harm if a judgment debtor could not pay its debt. However, an injunction would not issue in such a case because a judgment creditor cpu;d find relief through traditional legal remedies such as through an action for money damages. Ross-Simons of Warwick, Inc., 217 F.3d at 13. Further, in such a case, this Court would lack the jurisdiction to issue equitable relief for the collection of a debt.  See Matrix Partners VIII, LLP, 2009 WL 175132, at *4, (citing Grupo Mexicano, 527 U.S. at 325).

10

in the Court of Appeals the Relief He Seeks in the Florida Action.

Boost Web contends that the balance of harms favors Boost Web for "[i] f the Court enters the requested relief here, Mr. Orkin will have his full appeal rights to seek to overturn the Court and will not need the Florida Action to seek to effectuate those rights." See Motion for TRO at 8. Vargas v. Pfizer Pharms., Inc., No. CIV. 04-2236 JAF, 2006 WL 3254463, at *7 (D.P.R. Nov. 8, 2006)(discussing balance of harms), aff'd sub nom. Fernandez-Vargas, 522 F.3d at 55. However, this is untrue. Even if the Court of Appeals overturns the ruling of this Court, Mr. Orkin would still need to file the relief he seeks in the Florida Case. A favorable Appeals Court ruling will only affect Boost Web's assets: Wayne Orkin would not have to pay damages for conversion to Boost Web and the residuals from CardConnect would not belong to Boost Web. In other words, the rulings of the Court of Appeals would only quantify some of the assets of Boost Web, to include cash on hand and payments due. Such a ruling would not, as Mr. Orkin seeks in Florida, determine the percent ownership of Boost Web between its founders so as to determine the allocation of profits and other compensation. As such, Mr. Orkin will not be able to effectuate his rights through the Appeal, and the balance of harms favors Mr. Orkin.

Thus, Boost Web's Motion for PI should be denied.

### Conclusion

For the reasons stated above, this Court should deny Boost Web's Motion.

Respectfully submitted:
Wayne Orkin,
By his attorney,


*/s/ Jason Tauches*
Jason Tauches (BBO# 569448)
jtauches@taucheslaw.com
The Law Office of Jason Tauches 45 Prospect Street
Cambridge, Massachusetts 02139

11

Phone:  617-230-4992  
Fax:       617-396-2736

Dated: June 12, 2024

**Certificate of Service**

      I, Jason Tauches, as attorney for Plaintiff Wayne Orkin, hereby certify that on this 12th day of June, 2024, that I served the foregoing document on counsel for Defendants Lisa Sue Albert and Ian Albert and intervenor plaintiff Boost Web SEO, Inc., via CM/ECF.

                                                                */s/ Jason Tauches*
                                                                Jason Tauches